UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| ABDUL HAKEEM AFIZ, <br> a/k/a Miron Taylor, <br><br> Plaintiff, <br><br> v. <br><br> ANNE PRECYTHE, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     No. 4:20-cv-661-NCC |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the submission of a complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Abdul Hakeem Afiz, also known as Miron Taylor, inmate number 350138. For the reasons explained below, this case will be dismissed without prejudice to plaintiff re-filing the complaint upon payment of the $400 filing fee.

Plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] *See Taylor v. Toelke*, No. 4:97-cv-53-FRB (E.D. Mo. Feb. 24, 1997); *Afiz v. Federal Bureau of Prisons*, No. 4:97-cv-1661-DDN (Oct. 15, 1997); *Afiz v. Federal Bureau of Prisons*, No. 4:97-cv-1681-CEJ (Oct. 15, 1997); *see also Afiz v. Petri*, 2:09-cv-4005-NKL (W.D. Mo. Jul. 31, 2009) (listing cases dismissed under 28 U.S.C. § 1915(e)).

28 U.S.C. § 1915(g).  Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

When plaintiff initiated this action, he neither paid the $400 filing fee, nor sought leave to proceed *in forma pauperis*. However, this Court could only allow him to proceed *in forma pauperis* if the allegations in his complaint established he was under imminent danger of serious physical injury. In the complaint, plaintiff complains that prison officials have implemented wrongful policies concerning mail; that he was placed on a restraint bench on April 8, 2020; and that prison officials removed certain items from his personal property, including body wash, lotion, and headphone accessories. These allegations do not establish that plaintiff is under imminent danger of serious physical injury. Therefore, it would be futile to allow plaintiff the opportunity to file a motion for leave to proceed *in forma pauperis* because the Court would be unable to grant it. The Court will therefore dismiss this action, without prejudice to plaintiff re-filing the complaint upon payment of the $400 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice to plaintiff refiling the complaint upon payment of the $400 filing fee. A separate order of dismissal will be entered herewith.

Dated this 20th day of May, 2020.

                                                HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE